IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00038-BO

| | |
|---|---|
| GLENN HENDERSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO, N.A., *et al.*, )<br>)<br>Defendants. ) | ORDER |

In 2022, plaintiff Glenn Henderson applied for a wide variety of jobs with the twenty-one defendants in this action. He was not hired for any of them. Henderson brings this action following the defendants' failure to hire him, which he asserts was discrimination and retaliation because of his sex, age, national origin, or disability in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C § 12101, *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621, *et seq.*. [DE 1 at 2, 3]. For the following reasons, the Court grants defendants motions to dismiss Henderson's claims.

DISCUSSION

The sheer number of defendants and claims mandates an unusual structure. To create efficiencies, the Court will proceed in three steps: first, it will discuss the legal standard applicable to defendants' motion to dismiss; then, the Court will detail the factual allegations and procedural posture for Henderson's claims against each defendant and that defendant's motion(s); finally, the Court will apply the standard to Henderson's claims and resolve any other pending matters.

### A. Legal Standard

Because Henderson is proceeding pro se, the Court construes his filings liberally and holds them to a less stringent standard than it would formal pleadings drafted by lawyers. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.28 1081 (2007). Still a pro se plaintiff must satisfy the obligation to state a plausible claim under the pleading standards. And it is not the Court's role to construct legal arguments for the plaintiff. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993)

To withstand a Rule 12(b)(6) motion, the complaint must satisfy the pleading requirements under the Federal Rules. "Rule 8(a)(2) requires only a short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (cleaned up) (internal quotation marks and citations omitted). The complaint must show an entitlement to relief through more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See, e.g., Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020). The "[f]actual allegations must be enough to raise a right to relief about the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. That is, "[the] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

Because a Rule 12(b)(6) motion tests only the sufficiency of the complaint; "it does not . . . 'resolve contest surrounding the facts, the merits of a claim, or the applicability of defenses.' " *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "So the district court must accept as true all well-pleaded

2

allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).

### B. Factual and Procedural History for each Defendant.

**Well Fargo Bank, N.A**. Henderson applied for a financial analysis position on 14 May 2022, three financial accountant positions on 21 May 2022, and a financial accountant position on 28 May 2022. [DE 1 at 6]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 6]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1]

On 08 June 2023, Well Fargo moved to dismiss for failure to state a claim for relief. [DE 101] On 20 June 2023, Henderson responded. [DE 126] On 07 July 2023, Henderson moved for costs for serving a summons. [DE 142]. With briefing complete, Wells Fargo's motion is ripe for decision.

**Duke Energy Progress, LLC**. Henderson applied for an accounting analyst position on 7 May 2022. He was rejected on 13 June. He applied for a financial analyst on 21 May 2022. He was rejected on 21 June. [DE 1 at 7]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 7]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 30 May 2023, Duke Energy moved to dismiss and filed a memorandum in support. [DE 63, 64]. On 20 June 2023, Henderson responded. [DE 115]. On 30 June 2023, Duke Energy replied. [DE 140].

**Food Lion, LLC**. Henderson applied for a financial analyst position on 11 June 2022. [DE 1 at 8]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on

3

5 December 2022. [DE 1 at 8]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 25 May 2023, Food lion moved to dismiss and filed a memorandum in support. [DE 53, 54]. On 20 June 2023, Henderson responded. [DE 111]. On 27 June 2023, Food lion replied. [DE 136. The fully briefed, Food Lion's motion is ripe for decision.

**Duke University**. Henderson applied for a financial management II position on 4 June 2022. Henderson filed an EEOC charge on "33 (sic)" October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 9]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 25 May 2023, Duke moved to dismiss and filed a memorandum in support. [DE 53, 54]. On 12 June 2023, Henderson responded. [DE 111] On 23 June 2023, Duke replied. [DE 133]. On 06 July 2023, Henderson moved for a declaration that he was not a vexatious litigant and to add retaliation and defamation claims. [DE 143]. On 24 July 2023, Duke responded. [DE 151]. All motions fully briefed, they are ripe for decision.

**North Carolina State University**. Henderson applied for a lead accountant position on 4 June 2022. [DE 1 at 10]. He did not get it. Henderson filed an EEOC charge on 31 October 2022; he claims to not have received a right to sue letter, despite a two-month delay since filing. [DE 1 at 10]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 30 May 2023, NC State moved to dismiss and filed a memorandum in support. [DE 65, 66]. On 20 June 2023, Henderson responded. [DE 127]. On 14 September 2023, Henderson responded again. [DE 171]. An several days later, he added to his response. [DE 173]. The motion to dismiss is fully briefed and is ripe for decision.

4

**The University of North Carolina at Chapel Hill.** Henderson applied to be an accountant three times: once on 7 May 2022, once on 26 May 2022, and once on 14 May. Henderson also applied to be a budget analyst on 15 May 2022. Henderson was not hired. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 11]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 30 May 2023, UNC Chapel Hill moved to dismiss, filing a memorandum in support. [DE 67, 68]. On 20 June 2023, Henderson responded. [DE 121]. UNC Chapel Hill's motion is fully briefed and is ripe for decision.

**Fayetteville Technical Community College.**[1] Henderson applied to be a financial accountant on 21 May 2022. On 16 June 2022, he received an e-mail that he did not get a Business Administration instructor position. [DE 1 at 12]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 12]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 24 April 2023, Fayetteville moved to dismiss, filing a memorandum in support. [DE 14, 15]. Henderson responded on 17 May 2023. [DE 35]. On 31 May 2023, Fayetteville Technical filed an amended motion to dismiss with another supporting memorandum. [DE 86, 87]. On 22 June 2023, Henderson responded to the amended motion to dismiss. [DE 131]. On 07 July 2023, Fayetteville Technical replied. [DE 144]. All motion fully briefed, they are ripe for decision.

**Quantico Tactical, Inc.** Henderson applied for an accountant position on 7 May 2022, having applied several times before then. Henderson filed an EEOC charge on 31 October 2022.

---

[1] As Fayetteville Technical points out in its motion to dismiss, Henderson's complaint refers to Fayetteville Technical by its common name where under N.C. Gen. Stat. 115D-14, it must be sued as The Trustees of Fayetteville Technical Community College.

5

He received a right-to-sue letter on 7 December 2022. [DE 1 at 12]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

**Truist Bank**. Henderson applied for a senior financial reporting analyst position on 28 May 2022. [DE 1 at 14]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 5 December 2022. [DE 1 at 14].

On 31 May 2023, Truist moved to dismiss, filing a memorandum in support. [DE 82, 88]. On 20 June 2023, Henderson replied. [DE 128]. On 28 June 2023, Truist replied. [DE 138]. On 06 July 2023, Henderson moved for a declaration that he was not a vexatious litigant and to add retaliation and defamation claims. [DE 143]. On 20 July 2023, Truist responded. [DE 150]. On 14 August 2023, Henderson replied. [DE 165]. On 13 July 2023, Henderson moved for costs associated with service of the summons. [DE 147]. All motions are fully briefed and are ripe for decision.

**Robert Half International, Inc**. Henderson applied for a financial analyst position on 4 September 2022. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 5 December 2022. [DE 1 at 15]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 26 May 2023, Robert Half moved to dismiss, filing a memorandum in support. [DE 61, 62]. On 20 June 2023, Henderson responded. [DE 20]. On 28 June 2023, Robert Half replied. [DE 133]. Robert Half's motion is fully briefed and is ripe for decision.

**City of Fayetteville.** Henderson claims he applied for three financial analysist position o 5 May 2022. He received an e-mail on 8 June 2022 that he did not get an accountant position and an e-mail on 7 July 2022 that he did not get a lead accounting technician position. Henderson filed

6

an EEOC charge on "33" October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 16]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 18 May 2023, Fayetteville moved to dismiss Henderson's claims, filing a memorandum in support. [DE 36, 36-1]. On 12 June 2023, Henderson responded. [DE 110] On 05 July 2023, Henderson moved for costs associated with serving summons and complaint. [DE 142]. Briefing is complete. The motions are ripe.

**First Citizens Bank and Trust Company**. Henderson applied for an accountant position on 14 May 2022. [DE 1 at 17]. Henderson also claims that First Citizen's once told him that they didn't have positions that he would fit or like yet he found and applied for three jobs that he liked. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 5 December 2022. [DE 1 at 17]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 02 June 2023, First Citizens moved to dismiss and filed a memorandum in support. [DE 95, 96]. On 20 June 2023, Henderson responded. [DE 124]. On 26 June 2023, Henderson replied. [DE 135]. On 05 July 2023, Henderson moved for costs associated with serving summons and complaint. [DE 142]. All motions fully briefed, they are ripe for decision.

**Eaton Corporation**. Henderson applied for a senior financial analyst position on 30 April 2022. [DE 1 at 18]. After Henderson worked at Eaton as a temp manufacturing technician for eight months, Eaton would apparently not hire him because of his education despite paying other employees to get a similar education. [DE 1 at 18]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 7]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

7

On 24 May 2023, Eaton moved to dismiss, filing a memorandum in support. [DE 42, 43]. On 12 June 2023, Henderson responded. [DE 107]. On 26 June 2023, Eaton replied. [DE 134]. Eaton's motion is fully briefed and is ripe for decision.

**Methodist University**. Henderson applied for a budget and financial systems analyst position. [DE 1 at 19]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 19]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 30 May 2023, Methodist moved to dismiss and filed its memorandum in support. [DE 74,75]. On 20 June 2023, Henderson responded. [DE 123]. On 30 June 2023, Methodist replied. [DE 141]. On 06 July 2023, Henderson moved for a declaration that he was not a vexatious litigant and to add retaliation and defamation claims. [DE 143]. On 20 July 2023, Methodist responded. [DE 149]. On 21 July 2023, Henderson replied. [DE 152]. On 09 August 2023, Methodist responded again. [DE 163]. All motions are fully briefed and ripe for decision.

**Fort Bragg Federal Credit Union**. Henderson applied for an accountant position on 24 July 2022. [DE 1 at 20] Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 5 December 2022. [DE 1 at 20]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 20 June 2023, Fort Bragg moved to dismiss with a memorandum in support. [DE 117, 118]. On 12 July 2023, Henderson responded [DE 146]. On 05 July 2023, Henderson moved for costs associated with serving summons and complaint. [DE 142]. All motions fully briefed, they are ripe for decision.

**Bank of America Corporation**. Henderson applied for a senior financial analyst position on 7 May 2022 and for director financial analyst on 28 May 2022. [DE 1 at 21]. Henderson filed

8

an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 21]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 30 May 2023, Bank of America moved to dismiss, filing a memorandum in support. [DE 72, 73]. On 20 June 2023, Bank of America responded. [DE 127]. On 29 June 2023, Bank of America replied. [DE 139]. Bank of America's motion is ripe for decision.

**Action Pathways, Inc.** Henderson applied for an accountant position on 21 April 2022 and received an e-mail 21 July 2022. [DE 1 at 22]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 22]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 24 May 2023, Action Pathways moved to dismiss and filed a memorandum in support. [DE 44, 45]. On 12 June 2023, Henderson responded. [DE 108]. On 22 June 2023, Action Pathways replied. [DE 130]. Action Pathway's motion is ready for decision.

**Cumberland County, North Carolina.** Henderson applied for an unnamed position on 5 February 2022, a senior accountant position on 9 March 2022, an accountant position on 2 April 2022, and another unnamed position on 29 June 2022. At an unspecified date Henderson also applied for a finance accountant position. He received an e-mail on 17 June 2022 that he did not get an income maintenance caseworker position. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 23]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 25 May 2023, Cumberland County moved to dismiss, filing a memorandum in support. [DE 51, 52]. On 12 June 2023, Henderson responded. [DE 106]. Cumberland County's motion is ready for decision.

9

**The Goodyear Tire and Rubber Company.** Henderson applied for a staff accountant position on 14 May 2022. [DE 1 at 24]. Henderson claims he was told that he would have a chance for jobs that he was qualified. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 24]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 25 May 2023, Goodyear moved to dismiss filing a memorandum in support. [DE 49, 50]. On 12 June 2023, Henderson responded. [DE 109]. On 20 June 2023, Goodyear replied. [DE 113]. Briefing complete, Goodyear's motion is ready for decision.

**Cape Fear Valley Medical Center.**[2] Henderson applied for a cash applications specialist position 19 March 2022, 7 May 2022, and 31 May 2022. [DE 1 at 25]. Henderson claims that Cape Fear retaliated against him when in-house counsel once said Henderson made frivolous claims; Henderson also claims retaliation involving a billing dispute. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7 December 2022. [DE 1 at 25]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 24 August 2023, Cape Fear Medical moved to dismiss and filed its memorandum in support. [DE 167, 168]. On 14 September 2023, Henderson responded. [DE 170]. On 02 October 2023, Cape Fear Medical replied. [DE 174] On 31 October 2023, moved for leave to supplement that reply with additional information from the administrative record. [DE 175]. All motions fully briefed, they are ripe for decision.

**Wake Forest University.** Henderson claims that he applied for a corporate financial analyst position on 2 April 2022 and two accounts positions on 14 May 2022. [DE 1 at 26]. Henderson filed an EEOC charge on 31 October 2022; he received a right to sue letter on 7

---

[2] In his complaint, Henderson incorrectly named defendant as Cape Fear Medical Center. The correct name of the legal entity is Cumberland County Hospital System, Inc. d/b/a Cape Fear Valley Health System. *See* [DE 167].

10

December 2022. [DE 1 at 26]. On 27 January 2023, Henderson filed his complaint in this Court. [DE 1].

On 02 June 2023, Wake Forest moved to dismiss and filed a memorandum in support. [DE 90, 91]. On 24 June 2023, Henderson responded. [DE 124]. On 26 June 2023, Wake Forest replied. [DE 135]. On 13 September 2023, Henderson responded to Wake Forest's reply. [DE 172]. On 05 July 2023, Henderson moved for costs associated with serving summons and complaint. [DE 142]. On 06 July 2023, Henderson moved for a declaration that he was not a vexatious litigant and to add retaliation and defamation claims. [DE 143]. On 13 July 2023, Wake Forest responded to both motions. [DE 148]. All motion are fully briefed and are ripe for decision.

C. Henderson Failed to State Claims under Title VII, the ADA, and the ADEA.

Defendants, except First-Citizens Bank and Quantico Tactical, move to dismiss for failure to meet the pleading requirements. Remember, all a plaintiff needs to do to survive a motion to dismiss is " 'to state a claim for relief that is plausible on its face.' " *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). Henderson does not have to specifically plead every element of a prima facie case for discrimination or retaliation in his complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Those elements, however, provide a useful measuring tool for his allegations. S*ee Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023) ("Although a plaintiff need not assert a prima facie claim of discrimination under Title VII to survive a Rule 12(b)(b)(6) motion, reference to the elements of a Title VII claim is helpful to gauge the sufficiency of the allegations.").

To establish a claim for employment discrimination, "a Title VII [or a Title I of the ADA] plaintiff is 'required to allege facts to satisfy elements of a cause of action created by [those]

11

statute[s].' " *Bing*, 959 F.3d at 616 (quoting *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Fox v. General Motors Corp.*, 247 F.3d 169, 176 (4th Cir. 2001) (stating that courts apply Title VII precedent in ADA cases). So to establish a claim for disability discrimination under the ADA, a plaintiff must allege facts (1) that he has a disability, (2) that he is a qualified individual for the employment opportunity, and (3) that the employer took adverse employment action because of his disability. *See Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015). *Laird v. Fairfax Cnty.*, 978 F.3d 887, 893 n.3 (4th Cir. 2020) (treating adverse employment standard from Title VII analogously in ADA context). Likewise, under Title VII, a plaintiff must show (1) that he is a member of a protected class; (2) that he applied for the position in question; (3) that he was qualified for the position; and (4) that he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189 (4th Cir. 2004), *abrogated on other grounds by Green v. Brennan*, 578 U.S. 547, 136 S.Ct. 1769, 195 L.Ed.2d. 44 (2016). Finally, to satisfy the elements of an ADEA cause of action a plaintiff must show (1) he is over forty and (2) experienced discrimination by an employer (3) because of his age. *Tickles v. Johnson*, 805 F.App'x 204, 207 (4th Cir. 2020) (quoting *McCleary-Evans*, 780 F.3d at 585) (citing *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006).

To establish a prima facie case of retaliation under Title VII, the ADA, or the ADEA, a plaintiff must show that (1) he engaged in protected activity, (2) adverse employment action was taken against him, and (3) there was a causal link between the protected activity and the adverse action. *See Gomez-Perez v. Potter*, 553 U.S. 474, 491, 128 S.Ct. 1931, 170 L.Ed.2d. 887 (2008) (29 U.S.C. § 633a(a) prohibits retaliation) *See Laber v. Harvey*, 428 F.3d 404, 432 (4th Cir. 2006); "It is well established in the Fourth Circuit and elsewhere that the same adverse-action standard

12

applies to both retaliation and discrimination claims." *Amirokri v. Abraham*, 437 F.Supp.2d 414, 424 (D. Md. 2006) (cleaned up) (citation and internal quotation marks omitted).

Henderson's Title VII, ADA, and ADEA discrimination and retaliation claims fail because his complaint consists entirely of barebones legal conclusions with no plausible factual allegations. Start with the fundamentals of those causes of action. Henderson's complaint is devoid of any facts that he is a member of a protected class for his national origin, age, sex, or disability discrimination claims. Although he makes a passing mention to depression and anxiety in his complaint, Henderson does not identify if those conditions are disabilities or how those disabilities affect his daily life activities.

What's more, Henderson has failed to allege sufficient factual matter to support any reasonably inference that defendants failed to hire him because of national origin, sex, age, or disability. He alleges only that he applied for various jobs with defendants; he was qualified; he was denied; he was more qualified than others; he was in a different protected class or combination of protected classes; and he was denied because of his membership in a protected class under Title VII, the ADA, or the ADEA. There are no specific factual allegations about job-requirements, Henderson's qualifications, the qualifications of his comparators, or their age or demographic information. But allegations of bias or discrimination without more are too conclusory to state a claim, and allegations of conduct consistent with discrimination alone do not provide a reasonable inference that discrimination motivated those allegations. *See McCleary-Evans*, 780 F.3d at 586; *Cf. O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (commenting that with age-discrimination there can be no inference drawn from replacing a worker with someone insignificantly younger). Instead of providing factual allegations

that support a reasonable inference that defendants were motivated by discriminatory animus, Henderson speculates.

Henderson's retaliation claims are similarly infirm. There are no factual allegations that Henderson engaged in conduct that would be considered protected activity much less that defendants retaliated against him for that engagement. Indeed, the only conduct within the complaint that could be considered protected activity—the filing of EEOC charges—occurred *after* defendants failed to hire Henderson, rendering a causal connection between the two impossible. *See Hall v. Greystar Mgmt. Servs., L.P.*, 637 F.app'x 93, 99 (4th cir. 2016) ("Retaliatory conduct, by its very nature must come after the protected activity. . . . Thus, [the court] cannot . . . infer causation based on facts that occurred before [plaintiff's] protected activity." (citing *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998).

As to Henderson's remaining Title VII, ADA, and ADEA claims against First Citizens Bank—who moved to dismiss under Rule 12(b)(2) and (5) but not 12(b)(6)—and Quantico Tactical, who has yet to appear, dismissal is also appropriate. "[F]rivolous complaint are subject to dismissal pursuant to the inherent authority of court, even when the filing fees has been paid." *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012). A case is frivolous if it lacks an arguable basis in either law *or* fact. *See Nietzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in fact when it describes "factual contentions [that] are clearly baseless" or it describes "fantastic and delusional scenarios." *Id.* at 327–328. Henderson theorizes that his failure to get hired is part of some grand conspiracy to drive him out of Fayetteville and North Carolina; he hypothesizes that people are afraid of his education, which

14

makes them cowards. These statements and others peppered throughout Henderson's pleadings and response, evince that his claims have no grounding in fact. They are frivolous.

Likewise, Henderson's scattershot pleading of various state and federal causes of action at the end of his complaint falls short of the pleading standards under Rule 8(a)(2). "A shotgun pleading is one that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or one in which it is virtually impossible to know which allegations of act are intended to support which claim for relief." *Wilkinson v. Wells Fargo Bank, N.A.*, No. 3:19-cv-000580, 2020 WL 2542867, at *3 (W.D.N.C. May 18, 2020) (unpublished) (internal quotation marks and citation omitted). Pro se complaints with shotgun pleading warrant dismissal. *See, e.g.*, *McCrea v. Wells Fargo*, No. RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. Jun. 17, 2019) (unpublished).

Outside of his Title VII, ADA, and ADEA claims, Henderson's complaint devolves into shotgun pleading. In one paragraph across two pages, Henderson asserts a hodgepodge of claims alleging violations of state and federal law interspersed with factual allegations, purported injuries, and non-sensical digressions. [DE 1 at 28–29]. And, for good measure, Henderson includes a catch-all for "any law or anything I forgot to state or did not know about." [DE 1 at 29]. At the core of these allegations is Henderson's belief that "people will not hire me because they are afraid of my education and where I got it. I think they are cowards." [DE 1 at 29]. Henderson's conclusory and rapid-fire allegations fall far short of Rule 8's requirements. Accordingly, the Court dismisses those claims.

For the reasons discussed above and for those reasons articulated in defendants' motions to dismiss, the Court grants defendants' motions to dismiss and dismisses all of Henderson's Title VII, ADA, ADEA, and all other claims with prejudice.

15

Finally, the Court addresses any lingering issues Henderson raised. First, the Court will not entertain Henderson's claims for defamation or retaliation arising out of defendants' reference to a limited pre-filing injunction entered by this Court, *see* No. 5:14-CV-29-FL, an injunction order that does not apply to suits against any of the defendants in this matter. Henderson is required to attach a copy of that order to any complaint filed in this district. And, as pointed out in the 07 February 2023 Order notifying Henderson of deficiencies, Henderson failed to attach that order to his complaint. *See* [DE 2]. It would be a strange turn of events to hold Henderson's failure to comply with court orders against the defendants. What's more, there is nothing defamatory in the statement that Henderson has a limited pre-filing injunction in this Court. He does. The Court, therefore, denies Henderson's motion [DE 143].

Second, Henderson moves for the costs to serve the summons and complaint on eight defendants. [DE 142]. Costs are warranted, Henderson argues, because the defendants failed to waiver service of a summons. Compliance with the requirements for requesting a waiver of service under Rule 4(d)(1) is a perquisite to costs under that that rule. *Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning, LLC*, No. ELH-17-3420, 2019 U.S. Dist. LEXIS 199063, at * 51–52 (D. Md. 2019) (unpublished) (citing *Suggs v. Cent. Oil of Baton Rouge, LLC*, No. 13-25-RLB, 2014 U.S. Dist. LEXIS 93073 (M.D. La. Jul 9, 2014) (unpublished)) Henderson's motion for costs makes no representations that he satisfied Rule 4(d)(1). Instead, Defendants' respond that his notice and request fell short of Rule 4(d)(1)'s requirements. *See* [DE 147, 148, 154]. Thus, Henderson's request for costs is denied.

## CONCLUSION

For all these reasons, the Court orders as follows:

- Fayetteville Technical Community College's motions to dismiss [DE 14, 86] is GRANTED;

16

- City of Fayetteville NC motion to dismiss [DE 36] is GRANTED;

- Eaton Corporation's amended motion to dismiss [DE 42] is GRANTED;

- Action Pathways, Inc. motion to dismiss [DE 44] is GRANTED;

- Goodyear Tire & Rubber Company's motion to dismiss [DE 49] is GRANTED;

- Cumberland County North Carolina's motion to dismiss [DE 51] is GRANTED;

- Duke University's motion to dismiss [DE 53] is GRANTED;

- Robert Half International Inc.'s motion to dismiss [DE 61] is GRANTED;

- Duke Energy Progress, LLC's motion to dismiss [DE 63] is GRANTED;

- North Carolina State University's motion to dismiss [DE 65] is GRANTED;

- The University of North Carolina at Chapel Hill's motion to dismiss [DE 67] is GRANTED;

- Bank of America, N.A.'s motion to dismiss [DE 72] is GRANTED;

- The Methodist University, Inc.'s motion to dismiss [DE 74] is GRANTED;

- Food Lion, LLC's motion to dismiss [DE 80] is GRANTED;

- Truist Bank's motion to dismiss [DE 82] is GRANTED;

- Wake Forest University's motion to dismiss [DE 90] is GRANTED;

- First-Citizens Bank & Trust Company's motion to dismiss [DE 95] is GRANTED;

- Wells Fargo Bank, N.A.'s motion to dismiss [DE 101] is GRANTED;

- Fort Bragg Federal Credit Union's motion to dismiss [DE 117] is GRANTED;

- Henderson's motion for costs [DE 142] is DENIED;

- Henderson's motion [DE 143] is DENIED;

- Cape Fear Valley Health System's motion to dismiss [DE 167] is GRANTED;

- Cape Fear Valley Health System's motion for leave to supplement its reply [DE 175] is GRANTED.

- Henderson's complaint [DE 1] is DISMISSED in its entirety and the Clerk is DIRECTED to close this case.

SO ORDERED, this 29 day of March 2024.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

18